**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **TECHNOLOGY LENDING** | § | |
| **PARTNERS, LLC,** *et al.* | § | |
| | § | |
| **Appellants,** | § | |
| | § | |
| **v.** | § | **MISC. ACTION NO. 2-07-105** |
| | § | |
| **SAN PATRICIO COUNTY COMMUNITY** | § | |
| **ACTION AGENCY,** *et al.* | § | |
| | § | |
| **Appellees.** | § | |

**ORDER**

Pending before the Court is Appellants' Motion for Leave to Appeal, filed along with their notice of appeal on August 28, 2007.  Appellants seek leave to appeal a bankruptcy court order consolidating all the adversary proceedings under the Lead Case 05-2041 in *In re San Patricio County Community Action Agency*, No. C-05-20310 (Bankr. S.D. Tex. May 18, 2007).  Appellants opposed the consolidation, arguing that the issues in each of their adversary proceedings were unrelated to the issues asserted in the other adversary proceedings.  A hearing on the Trustee's Motion to Consolidate was held by the bankruptcy court on February 26, 2007.  The Trustee maintains that the order was signed and entered on the date of the hearing; however, the court clerk entered a notation in the Lead Case stating: "DOCKETED IN ERROR, PREMATURE Order Granting Motion to Consolidate."  On June 29, 2007, the bankruptcy court signed the Order Granting Motion to Consolidate under Lead Case 05-2041, and it was docketed in all the affected cases.  Notice of the court's order was not served on any of the parties until August 18, 2007.[1]

---

[1]  According to the docket sheets, notice of the order was not sent until August 18, 2007; except in adversary proceeding 05-2069, unrelated to Appellants' proceeding, the clerk noticed the order on July 1, 2007.

The Appellants concede that their notice of appeal was untimely under Bankruptcy Rule of Procedure 8002.  However, they claim their untimeliness should be excused because they did not have notice of the entry of the bankruptcy court's order until August 18, 2007.  They argue they should be entitled to appeal the order because less than ten days elapsed between the time they received notice of the order and the time they filed their notice of appeal.

Rule 8002(a) requires that a notice of appeal be filed within 10 days of the date of the entry of the order being appealed.  A district court lacks appellate jurisdiction to review a bankruptcy order if the notice of appeal is not timely filed. *Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle)*, 988 F.2d 29, 31 (5th Cir.1993).  Each docket report in the individual adversary proceedings, as well as the actual order, indicate that the order was signed on June 29, 2007. If the order was entered on June 29, 2007, Appellants had until July 9, 2007 to file their notice of appeal. The Bankruptcy Rules allow parties to file for an extension of the deadline for filing a notice of appeal by 20 days upon a showing of excusable neglect. FED. R. BANKR. P. 8002(c).  Rule 8002(c) requires that even in cases of excusable neglect, the issue must be raised and the notice of appeal filed within the 30-day window, i.e. Rule 8002(a)'s 10 days for the appeal + 8002(c)'s 20 day extension. The rule does not allow a party to claim excusable neglect after the 30 days have expired. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997).  Here, Appellants did not file for an extension, and did not raise excusable neglect in connection with an appeal within the time limits of Rule 8002(c).  Thus, the notice of appeal filed on August 28, 2007 was untimely, and as a consequence, this Court lacks jurisdiction to review the bankruptcy court's order.

Additionally, while Appellants maintain they should be allowed to appeal because the clerk did not send them notice of the order until August, this does not authorize the Court to relieve the

Appellants of their failure to appeal within the prescribed time. *Warrick v. Birdsell ( In re Warrick)*, 278 B.R. 182, 187 (9th Cir. BAP 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets."); *In re Davenport*, 342 B.R. 482, 499 (Bankr. S.D. Tex. 2006). The Appellants' assertion that they did not receive actual notice of the entry of the order until after the appeal period is irrelevant. *In re Arbuckle*, 988 F.2d at 31. The period begins to run from the date of the order's entry, not the date of service. *Id.* Moreover, Rule 9022 states: "Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by rule 8002." Given that, under the Bankruptcy Rules, lack of notice of entry of an order or judgment does not affect the time to appeal or authorize the bankruptcy court to excuse a party's failure to file a timely appeal, the district court likewise will not find that lack of notice makes an otherwise untimely appeal timely.

Finally, this Court previously dismissed Appellants' appeals as moot in civil action numbers 2-07-237 and 2-07-346. Appellants sought to unwind the approved settlement, so that they could proceed against one of the Debtor's officers in a state court action for the remaining insurance policy proceeds. On March 6, 2008, the Court determined that the finality of the settlement should stand because it had been substantially consummated and it would be inequitable to unwind the settlement at such a late stage. Thus, allowing Appellants an opportunity to appeal the order consolidating the adversary proceedings would be futile because the primary appeals upholding the settlement have already been resolved against Appellants.

**Conclusion**

For these reasons, Appellants' Motion for Leave to Appeal the Order Consolidating the

Adversary Proceedings is denied and this matter shall be closed.

It is so ORDERED.

SIGNED this 14th day of March, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

4